| | |
|---|---|
| Your Name: | John H. Shen-Sampas |
| Your Address: | 55 Graystone Ter., San Francisco, CA |
| Phone Number: | 646-671-3232 |
| Email Address: | jshensampas@gmail.com |

Pro Se Plaintiff

FILED
FEB 24 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

John H. Shen-Sampas

   Plaintiff,

v.

UCSF and Regents of Univ of California

   Defendants.

Case Number: CV25 1916 LJC

**COMPLAINT**

DEMAND FOR JURY TRIAL

Yes ■   No ☐

## I. PARTIES

1. Plaintiff. [Write your name, address, and phone number. Add a page for additional plaintiffs.]

   Name: John H. Shen-Sampas
   Address: 55 Graystone Ter. San Francisco, CA 94114
   Telephone: 646-671-3232

2. Defendants. [Write each defendant's full name, address, and phone number.]

   Defendant 1:
   Name: University of California, San Francisco, Office of Legal Affairs
   Address: 500 Parnassus Avenue, San Francisco, CA 94143
   Telephone: 415-476-5003

   Defendant 2:

Name: The Regents of the University of California, c/o Office of General Counsel

Address: 111 Franklin Street, 8th Floor, Oakland, CA 94607

Telephone: 510-987-9800

Defendant 3:

Name: _____

Address: _____

Telephone: _____

## II. JURISDICTION

Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.

3. My case belongs in federal court

   ■ under federal question jurisdiction because it involves a federal law or right.

   Which federal law or right is involved?
   Title IX protection against retaliation ( 34 CFR § 106.71 )

   ☐ under diversity jurisdiction because none of the plaintiffs live in the same state as any of the defendants and the amount of damages is more than $75,000.

## III. VENUE

The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.

4. Venue is appropriate in this Court because:

   ■ a substantial part of the events I am suing about happened in this district.

   ☐ a substantial part of the property I am suing about is located in this district.

   ☐ I am suing the U.S. government, federal agency, or federal official in his or her official capacity and I live in this district.

☐ at least one defendant is located in this District and any other defendants are located in California.

## IV. INTRADISTRICT ASSIGNMENT

This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka-McKinleyville. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka-McKinleyville division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.

5. Because this lawsuit arose in __San Francisco__ County, it should be assigned to the __San Francisco__ Division of this Court.

## V. STATEMENT OF FACTS

Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, **starting with paragraph number 6.** Use more pages as needed.

6. On and around November 11, 2024, Plaintiff reported sexual harassment and sexual assaults committed by Mark Ratcliffe against Plaintiff to University of California, San Francisco's Title IX Office. Mark Ratcliffe is a professor of medicine employed by the Defendants.

7. Plaintiff is a fourth-year medical student at the University of California, San Francisco.

8. Immediately after the complaint, on November 12, 2024 Title IX Officer Tracey Tsugawa acknowledged the receipt of the complaint and indicated that no retaliation would be tolerated.

9. On and around December 4, 2024, Plaintiff received a notice from the Student Conduct Officer, Becca Wallace, stating that Plaintiff had been accused of untruthful statements regarding his research work with Mark Ratcliffe.

10 On and around December 19, 2024, Plaintiff had an administrative meeting with the Student Conduct Officer to discuss the allegations against Plaintiff. During the meeting, Plaintiff stated that Mark Ratcliffe had been sexually harassing him and coercing him to make certain statements with respect to their research work and there's a Title IX complaint therewith.

11. On and around December 20, 2024, at Piedmont Police Department, Detective Jorge Faucher conducted an interview with Plaintiff regarding filing a criminal charge against Mark Ratcliffe on sexual harassment and assaults.

12. During the interview, Detective Jorge Faucher stated that he would bring Mark Ratcliffe in for a brief interview.

13. On and around December 20, 2024, Plaintiff emailed the Student Conduct Officer about the conversation Plaintiff had with Detective Faucher and the fact that Mark Ratcliffe would be brought in for an interview with Detective Faucher shortly after.

14. On and around January 7, 2025, the Student Conduct Officer had a meeting with Mark Ratcliffe regarding allegations against Plaintiff.

15. On and around January 12, 2025, the Student Conduct Officer sent to Plaintiff her findings with respect to the allegations against Plaintiff and stated that she believed the statements made by Mark Ratcliffe rather than Plaintiff and hence she recommended that Plaintiff be dismissed from the University of California, San Francisco.

16. On and around January 14, 2025, Plaintiff emailed Title IX Officer Tracey Tsugawa and Katie Gaines alleging prima facie retaliation prohibited under Title IX. Plaintiff never received a response.

Copy this page and insert it where you need additional space.

17. On and around January 12, 2025, Plaintiff requested a Formal Hearing regarding allegations against him.

18. On and around Feb 18, 2025, Plaintiff received the Notice of Formal Investigation against Mark Ratcliffe on sexual harassment and assaults from Katie Gaines.

19. On and around Feb 18, 2025, Plaintiff received the scope of hearing from the hearing body, in which Mark Ratcliffe is listed as a witness who will testify against Plaintiff, even though on and around Feb 11, Plaintiff made clear to the hearing body that there's a pending Title IX investigation against Mark Ratcliffe.

20. The proposed adverse action of dismissal of Plaintiff from the University of California, San Francisco and the disciplinary hearing were caused by Plaintiff's Title IX complaint.

21. On and around Dec 13, 2025, Plaintiff received an email from the NRMP stating that the University of California, San Francisco referred Plaintiff to the NRMP for investigation on statements made in the MSPE by the Plaintiff regarding his research activity with Mark Ratcliffe.

22. As a result of the retaliatory act, Plaintiff's prospect of matching into a residency program has been severely damaged.

## VI. CLAIMS

### First Claim

Name the law or right violated:
Title IX against retaliation

Name the defendants who violated it:
The University of California, San Francisco and the Regents of the University of California

Explain briefly here what the law is, what each defendant did to violate it, and how you were harmed. You do not need to make legal arguments. You can refer to your statement of facts.
Title IX prohibits retaliation against a complainant who was engaged in protected activities. Plaintiff made a complaint against Mark Ratcliffe which constituted a protected activity and immediately after the defendants launched an investigation on Plaintiff regarding his research activity with Mark Ratcliffe. The timing of the investigation and the pretextual nature of the allegations constitute a prima facie case of retaliation prohibited by Title IX. Furthermore, using the statement by Mark Ratcliffe to establish the basis to dismiss Plaintiff is more direct evidence for the intent and act to retaliate. Title IX specifically states that an institution be obliged to investigate any retaliation claim. The inaction and lack of response from Title IX Officer further constitutes the malicious aiding and abetting from the Title IX Office.

## VII. DEMAND FOR RELIEF

State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount or describe the different kinds of harm caused by the defendant.

1. Enjoin the defendants from further harassing and punishing Plaintiff in any way and form, including, but not limited to, formal disciplinary actions.

2. Award Plaintiff $2,000,000.00 for pain and suffering, including, but not limited to, emotional distress and physical discomfort.

3. Award Plaintiff $3,000.000.00 for punitive damages as a result of willful and malicious retaliation orchestrated by the school administration.

## VIII. DEMAND FOR JURY TRIAL

Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.

■ Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 2/19/2025   Sign Name: *[signature]*

Print Name: John Shen-Sampas